**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2016[*]
Decided June 1, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-1669

| | |
|---|---|
| KAMAT M. DAMANI, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 9862 |
| SIMER SP, INC., et al., | |
| *Defendants-Appellees*. | Rebecca R. Pallmeyer, *Judge*. |

**O R D E R**

Kamat Damani appeals a judgment entered upon a jury verdict for his former employer, the owners of a Subway franchise, in this suit under the Americans with Disabilities Act, 42 U.S.C. §§ 12102, 12112. He also challenges the grant of summary judgment against him on his claim of defamation under Illinois law. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Damani sued Simer SP, Inc., Pinakin Patel, and Shilpa Patel, alleging that he was fired in 2012 from their Subway franchise because of his disability (mental health issues). He had worked as a food preparer for nearly half a year. He asserted violations of the Fair Labor Standards Act, *see* 29 U.S.C. §§ 201–219, the Illinois Wage Payment and Collection Act, *see* 820 ILCS 115/1, the Americans with Disabilities Act, *see* 42 U.S.C. §§ 12102, 12112, and defamation under Illinois law. According to Damani, the defendants refused to pay him for excess hours worked as well as bonuses that he was promised for increasing the franchise's profits. He adds that he was falsely accused of stealing $100 from the cash register and that he was told that he was fired because other workers thought he was disabled and were afraid of his disability. He also says he was told by two employees that a sign posted in the restaurant stated that he was fired for stealing.

Shortly before the lawsuit proceeded to trial, he accepted an offer of judgment under Federal Rule of Civil Procedure 68 for his FLSA and IWPCA claims. Soon thereafter, the district court granted summary judgment for the defendants on his defamation claim, explaining that he had offered "no non-hearsay evidence" that the sign calling him a thief existed or that the defendants made any defamatory statements.

Damani's disability discrimination claim proceeded to trial. Damani testified that he told his manager about his mental health issues at the beginning of his employment, when he was struggling to complete the online training. The defendants presented testimony from the manager and two other employees, all who asserted that they never knew about Damani's mental health issues. According to one of the employees, Damani told him that he was taking pain medication for his back but had not hinted at any mental health issues. These witnesses also disputed Damani's contention that he was fired; they said that Damani had quit.

At two points during the trial, the judge allowed the jurors to send her questions for the witnesses. After Damani's testimony, the judge received one question asking about Damani's diagnosis. She also received a second question seeking clarification of a lawyer's reference to another lawsuit. At a sidebar the judge determined that the question about Damani's diagnosis was irrelevant—a point on which counsel agreed—and that the reference to another lawsuit was a miscommunication. The jury returned a verdict for the defendants. The district court then denied Damani's subsequent, pro se motion for a new trial under Federal Rule of Civil Procedure 59.

Damani's brief on appeal is difficult to parse, but we can discern three arguments. First he generally challenges the grant of summary judgment on his

defamation claim. But the district court correctly concluded that Damani offered no evidence that the defendants made defamatory statements about him. As the court explained, his statement about his colleagues' viewing of the sign at Subway that labeled him a thief was inadmissible hearsay. *See Cody v. Harris*, 409 F.3d 853, 858–60 (7th Cir. 2005); *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 533 (7th Cir. 2003).

Damani also argues that the judge should have answered the two questions posed by the jurors. The judge properly declined to answer the first question about Damani's diagnosis. For any claim under the ADA, medical evidence of a diagnosis is not required to prove disability. *See EEOC v. AutoZone, Inc.*, 630 F.3d 635, 643–44 (7th Cir. 2010); *Fredricksen v. United Parcel Serv., Co.*, 581 F.3d 516, 521 (7th Cir. 2009). To show that he was disabled under the "regarded as" prong, Damani needed to prove that his employer believed he had an impairment that substantially hindered his ability to work, but the impairment did not actually so limit him. *See Miller v. Illinois Dep't of Transp.*, 643 F.3d 190, 195–97 (7th Cir. 2011); *Nese v. Julian Nordic Constr. Co.*, 405 F.3d 638, 642–43 (7th Cir. 2005). For the second question about a previous lawsuit, the judge *did* respond that the reference to a prior lawsuit was a miscommunication, and Damani does not suggest how that response was insufficient.

Finally, Damani asserts that he wanted all of his claims to proceed to trial and that his recruited lawyers should not have accepted the Rule 68 offer of judgment for the claims about his unpaid wages. But he waived those arguments by not developing them and by raising them for the first time only in his reply brief. *See Frey v. EPA*, 751 F.3d 461, 466 n.2 (7th Cir. 2014); *Seitz v. City of Elgin*, 719 F.3d 654, 656 n.3 (7th Cir. 2013).

AFFIRMED.